**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**HELEN L. JAMES**                                                                               **PLAINTIFF**

**V.**                                                           **CASE NO.: 3:07CV33-SA-SAA**

**FOOD GIANT SUPERMARKETS, INC.**                          **DEFENDANT/**
                                                                                                 **THIRD-PARTY PLAINTIFF**

**V.**

**TURNER HOLDINGS, LLC**                                                    **THIRD PARTY DEFENDANT**

## ORDER ON MOTION TO DISMISS

Presently before the Court is Turner Holdings' Motion to Dismiss Food Giant's Third Party Complaint [23]. After reviewing the motion, response, pertinent rules and authorities, the Court finds as follows:

Helen James allegedly sustained significant injuries following a "slip and fall" at a Food Giant grocery store north of Ripley, Mississippi. The puddle of water James alleges she slipped on was in front of an ice cream freezer that Turner Dairies' employee, Gerald Bedford, regularly stocked. Prior to her institution of suit, plaintiff settled her claims with Turner Holdings and executed a Release on March 14, 2006, discharging Gerald Bedford, Turner Dairies, Turner Holdings, and its liability insurer of any further responsibility for plaintiff's injuries or damages.

Plaintiff then filed a complaint against Food Giant alleging that Food Giant was negligent in failing to maintain a reasonably safe premises and failing to warn of a dangerous condition. Food Giant thereafter filed a Third Party Complaint against Turner Holdings alleging that if the plaintiff's facts are true as alleged, the plaintiff's injuries were proximately caused by the actions of Turner Holdings' employee, Gerald Bedford. Further, Food Giant claims that it is entitled to indemnity

from Turner Holdings for any potential judgment awarded against it.

Turner Holdings filed this Motion to Dismiss on two bases: (1) the Release signed by the plaintiff mandates the discharge of any claims of Food Giant against Turner Holdings for plaintiff's injuries or damages, including claims for indemnity; and (2) Food Giant has no legal basis for an indemnity claim against Turner Holdings.

Plaintiff signed a Release calling for the "final release and discharge of, all actions, claims and demands, whatsoever, that now exist, or may hereafter accrue against . . . Turner Holdings . . . as a result of an accident, casualty or event which occurred on or about July 21, 2005 at or near Food Giant, Ripley, Mississippi . . ." Moreover, Turner explains that there exists no common law indemnity between Food Giant and Turner because such indemnity only arises in the following three situations: (1) cases involving vicarious liability; (2) cases involving contractual indemnity; and (3) cases where the indemnitee has failed to discover the condition that caused the initial injury, i.e., passive negligence. See Long Term Care, Inc. v. Jesco, Inc., 560 So. 2d 717, 720 (Miss. 1990).

Turner Holdings contend that because they have been fully discharged and released from all claims, Food Giant's Third-Party Complaint should be dismissed as a matter of law. Food Giant counters that Helen James does not have the right to contractually release Turner from Food Giant's claim. In rebuttal, Turner Holdings better explains that under Mississippi's allocation of fault standard, a jury will only be charged with identifying Food Giant's negligence, and if they found any fault on the part of Turner Holdings, that negligence could not be imputed to Food Giant.

Neither of the parties dispute that because Turner Holdings is an independent contractor, no vicarious liability arises in this case mandating indemnity. Moreover, there is no dispute that there is not a contractual indemnity provision between Food Giant and Turner Holdings. However, Food

Giant asserts that because Turner's employee created a dangerous condition, Food Giant may be liable to Plaintiff for failing to remedy the defect; therefore, common law indemnity applies as Turner engaged in active negligence for which Food Giant could possibly be held liable by a jury.

In the Court's research of this issue, a pattern emerged among those cases relying on common law indemnity and the distinction between "passive" and "active" tortfeasors. Specifically, these cases all involved a claim of indemnity by the party that previously settled a claim with the plaintiff. See Hartford Cas. Ins. Co. v. Halliburton Comp., 826 So. 2d 1206, 1209 (Miss. 2001) (where both original defendants settled the action, indemnity was sought by one of the defendants for expenses incurred in settlement of the lawsuit); Certain Underwriters at Lloyd's of London v. Knostman, 783 So. 2d 694, 697 (Miss. 2001) (settling defendant filed suit for indemnity against former co-defendant for recovery of settlement payments made to claimants); Long Term Care, Inc., 560 So. 2d at 719 (indemnity action brought by the original settling defendant against a subsequent settling defendant); Southwest Miss. Elect. Power Ass'n v. Harragill, 182 So. 2d 220, 222-23 (Miss. 1966) (indemnity action brought by settling party against remaining defendant).

Here, Turner has entered into a settlement agreement with the original plaintiff, but Food Giant has not. Because these cases differentiating between "active" and "passive" tortfeasors are not on all fours with the instant case, the Court is not confined to that analysis.

In 1999, the Mississippi Legislature adopted Mississippi Code Section 85-5-7 which provides:

> In actions involving joint tort-feasors, the trier of fact shall determine the percentage of fault for each party alleged to be at fault without regard to whether the joint tort-feasor is immune from damages. Fault allocated under this subsection to an immune tort-feasor or a tort-feasor whose liability is limited by law **shall not be reallocated to any other tort-feasor**.

(emphasis added). This Section further provides that "liability for damages caused by two (2) or more persons shall be several only, and not joint and several and a joint tort-feasor shall be liable only for the amount of damages allocated to him in direct proportion to his percentage of fault." Id.

In Estate of Hunter v. General Motors Corp., the Mississippi Supreme Court held that "party" in Section 85-5-7 "refers to any participant to an occurrence which gives rise to a lawsuit, and not merely the parties to a particular lawsuit or trial." 729 So. 2d 1264, 1276 (Miss. 1999). Accordingly, any negligence by Turner, a non-party to this suit, must be considered in apportioning fault under this statute. See Peterson v. Ladner, 785 So. 2d 290, 293 (Miss. Ct. App. 2000); Dawson v. Townsend & Sons, Inc., 735 So. 2d 1131, 1134 (Miss. Ct. App. 1999) (noting that a jury may not be instructed to consider only the parties actually sued, else the defendants who are present have been unfairly denied the benefits of the system of comparative fault). The Mississippi Court of Appeals noted in Peterson, that "a nonexempt contributor to an injury must have fault allocated if that is requested by a party to litigation." Id.

In the instant case, Food Giant has the responsibility of presenting the allocation of fault defense to the jury. Under Mississippi's allocation of fault statute, Food Giant may present evidence that Turner Holdings was more at fault or more negligent than they were. Mississippi Model Jury Instructions recognize this approach of allocating fault to an absent tortfeasor. See Miss. Model Jury Instr. § 11.11, Apportionment between joint tortfeasors ("However, it is also the law that one is not liable for damage which was not proximately caused by him/her. Hence, if there is evidence on which you find it clearly possible to conclude that the damage resulting from the acts of [name of defendant] can be separated from that resulting from the acts of [name of additional defendant or nonparty participant] . . . you may apportion the damages accordingly"). Therefore, Food Giant will

4

be sufficiently protected from a decision in which the jury awarded damages against Food Giant based on Turner's fault. The "active"/"passive" distinction has no relevance here as the jury can be instructed on allocation of fault. As such, Food Giant has no common law indemnity claim against Turner, and the Motion to Dismiss is granted. See Hardy v. Gulf Oil Corp., 949 F.2d 826 (5th Cir. 1992) (noting that under Texas law, upon adopting a comparative negligence statute, the Texas courts abolished common law indemnity, except in products liability and vicarious liability actions).

Alternatively, the Mississippi Supreme Court recognized in Hartford, that in order to prevail on an indemnity claim, the requesting party must allege and prove that (1) it was legally liable to an injured third party, (2) it paid under compulsion, and (3) the amount it paid was reasonable. 826 So. 2d at 1216 (citing Knostman, 783 So. 2d at 696). Because there has been no determination of liability, and Food Giant has not paid money under compulsion, this claim for indemnity is premature. Therefore, regardless of whether the Court allowed Food Giant's indemnity claim to go forward due to implied common law indemnity, the claim would fail on the merits at this point in the litigation. Thus, Turner Holdings Motion to Dismiss [23] is granted, and the Third Party Complaint is dismissed.

SO ORDERED, this the __19th__ day of December, 2008.

                                                   **/s/ Sharion Aycock**
                                                   **U.S. DISTRICT JUDGE**